IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABDUL MALIK MUHAMMAD<br>#428786 | :<br>:<br>: | |
| v. | : | Civil No. CCB-14-1794 |
| | :<br>: | |
| GEORGE KALOROUMAKIS, et al. | :<br>: | |

## MEMORANDUM

Abdul Malik Muhammad, a legally blind inmate in the Maryland state correctional system, has sued Wicomico County Detention Center ("WCDC" or "the prison") officials for allegedly unconstitutional conditions of confinement, and for alleged violations of the Americans with Disabilities Act ("ADA"). The defendants have filed a motion to dismiss, or in the alternative for summary judgment. A hearing is not necessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2014). For the reasons that follow, the motion, treated as a motion to dismiss, will be denied without prejudice as to the job assignment claim, and granted as to all other claims. The court also will appoint counsel for Mr. Muhammad.

## BACKGROUND

The exact dates surrounding Mr. Muhammad's probation violation and subsequent incarceration are not entirely clear from the complaint, which the court must take as true for purposes of resolving the motion to dismiss. The defendants, however, represent that Mr. Muhammad's underlying conviction was for possession of a controlled dangerous substance. (Mot. Dismiss, ECF No. 10, at 4.) And it appears that the probation violation stems from Mr. Muhammad's theft on September 10, 2012, of three containers of crabmeat, four containers of oysters, and one container of strawberries, totaling $175.89. (Statement of Probable Cause, Mot.

1

Dismiss Ex. 1, at 7.) It also appears that Mr. Muhammad was sentenced on January 27, 2014, to 18 months' imprisonment plus 2 years' consecutive incarceration. (Mot. Dismiss Ex. 1 at 3, 8-9.) The defendants also represent that though Mr. Muhammad was first placed at WCDC, he is now imprisoned at a state facility in Hagerstown. (Mot. Dismiss 4.) The parties appear to agree that Mr. Muhammad is legally blind, though he can perceive light, and that he suffers from Primary Open Angle Glaucoma, a degenerative eye disease. (*See* Pl.'s Reply Mot. Appoint Counsel, ECF No. 17, at 2-3.)

Mr. Muhammad filed suit on June 4, 2014, naming several WCDC employees as defendants: the warden, two assistant wardens, two grievance officers, and a healthcare management employee. (Compl., ECF No. 1, at 1.) He asserts that the prison violated his due process rights by unconstitutionally confining him to a medical area for 24 hours a day for about five weeks. (Compl. 3.) He also alleges that the prison violated the ADA by not providing him with a slate, stylus, and digital book reader usable by the blind, and failing to provide accommodations to make the law library accessible to him. (*Id.* at 5.) Finally, he alleges that the prison discriminated against him due to his disability by denying him a prison job that would allow him to earn good time credits. (*Id.* at 4-5.) He seeks $15,000 in damages, as well as four months of good time credit that he says he would have earned had he been assigned a prison job. (*Id.* at 7.) The court previously denied his motion to appoint counsel because he appeared able to participate in the litigation. He now represents, however, that another inmate who previously helped him is no longer doing so. (*See* Correspondence, ECF No. 18.)

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

     Mr. Muhammad first alleges that due to his blindness, prison officials placed him in a cell in the prison's medical area for his first five weeks at the prison. While there, he says he lacked access to a shower, a phone, or a change of clothes, and that these conditions violated his due process rights. That claim fails, and will be dismissed. It is not entirely clear whether, at the time of the challenged conditions, Mr. Muhammad should properly be considered a convict or a pretrial detainee. The court need not resolve this question, however, because his claim fails

under the standard for either inquiry. If he is considered a convict, the claim falls under the Eighth Amendment. In that case, he must show he was deprived of a "basic human need," the deprivation "was *objectively* sufficiently serious," and "*subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation and internal quotation marks omitted) (emphasis and alteration in original). Only "extreme deprivations" satisfy the objective component. *Id.* The subjective component is met when the challenged conditions result from prison officials' deliberate indifference. *Id.* Mr. Muhammad's claim fails both prongs: his five weeks in the medical area did not cause a deprivation of a basic human need that was objectively sufficiently serious to give rise to an Eighth Amendment violation, and he has not alleged facts supporting deliberate indifference to any such deprivation on the part of prison officials.

If Mr. Muhammad is considered a pretrial detainee, the inquiry is whether the challenged conditions amounted to punishment, because due process prohibits punishment of a detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "To establish that a particular condition or restriction of his confinement is constitutionally impermissible 'punishment,' the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538-40). Mr. Muhammad has not alleged facts suggesting an intent to punish him. And his admission that he was placed in the medical area due to his blindness establishes a reasonable relation to a legitimate nonpunitive governmental objective. Accordingly, this claim also fails.

As to his ADA claims, Mr. Muhammad sued various prison officials and sought

monetary relief.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "Title II authorizes suits by private citizens for money damages against public entities that violate §12132."  *United States v. Georgia*, 546 U.S. 151, 154 (2006).  It is unclear whether Mr. Muhammad has named the proper defendants.  Once an attorney is appointed, Mr. Muhammad may seek leave to amend his complaint to clarify from whom he seeks damages.[1]

Mr. Muhammad appears, however, to have a colorable claim under Title II of the ADA to the extent that he was denied a prison job due to his blindness. Title II of the ADA prohibits discrimination against a "qualified individual with a disability" by a public entity.  42 U.S.C. §§ 12131, 12132.  A party claiming discrimination under Title II of the ADA must prove "(1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability."  *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995).  Title II of the ADA applies to state and federal prisoners.  *Pennsylvania Dep't of Corrections et al. v. Yeskey*, 524 U.S. 206, 209 (1998).  Though "there is no freestanding, Due Process Clause-based right of access to good-time credit schemes in prison," the ADA protects qualified inmates with disabilities from discrimination in access to work programs that could

---

[1] Additionally, Mr. Muhammad has been transferred from WCDC to the State Division of Corrections in Hagerstown, so his requests for injunctive relief including access to a slate and stylus, digital book reader, and the law library are moot, as he is no longer subject to the conditions at WCDC.

Case 1:14-cv-01794-CCB   Document 19   Filed 04/14/15   Page 6 of 6

reduce their sentence.[2] *Kogut v. Ashe*, 592 F. Supp. 2d 204, 207-08 (D. Mass. 2008). *See also Yeskey*, 524 U.S. at 210 ("Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in.')").

Mr. Muhammad's allegation that the prison denied him a job because he is blind demonstrates a potential ADA violation. The defendants do not dispute that his blindness is a disability, though they do dispute that he was denied a prison job for which he was "otherwise qualified," and that he was excluded from working "solely on the basis of" his blindness. But those disputes may not be resolved on a motion to dismiss.

Further, the court will appoint Mr. Muhammad an attorney because he has a potentially meritorious claim and his blindness appears to severely limit his ability to participate in his case, thus presenting exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss will be denied as to the ADA job assignment claim, and granted as to all other claims. Mr. Muhammad will be appointed an attorney.

April 14, 2015                                                                                   /S/

Date                                                                                    Catherine C. Blake
                                                                                       United States District Judge

---

[2] When an inmate successfully challenges the "fact or duration" of his sentence based on a violation of federal law, including the ADA, the proper remedy may be *habeas* relief. *Kogut*, 592 F. Supp. at 206.